DIAZ, J.,
for the Court:
¶ 1. Patricia Robbins appeals the chancellor’s division of marital assets, asserting that the judge failed to make sufficient findings of facts and law regarding the nature and origin of the assets and that the judge failed to consider her contributions to the acquisition of the marital as *1003 sets. Finding merit in Patricia Robbins’s argument, we reverse and remand this case for proceedings consistent with this opinion.
FACTS
¶2. Patricia and Terry Robbins began living together in Patricia’s mobile home in March of 1989. Then on December 5, 1989, Terry, purchased a home in the amount of $25,500. According to Terry, he paid $500 in cash for the house and borrowed the remaining $25,000. On December 7, 1989, Patricia and Terry moved into the new house. Although Patricia and Terry had obtained a marriage license at the time they moved into their new house, they were.not legally married until July 14, 1990. Over the next few years, Patricia and Terry made numerous improvements to their home, and eventually increased the home’s value to approximately $79,000.
¶ 3. In 1994, Terry purchased a set of four apartments at a cost of $58,000. These apartments earned approximately $1,150 per month, which paid for the $770 mortgage payment, the upkeep and repairs, the taxes, the insurance, and all other expenses involved with maintaining the apartments. While both Patricia and Terry invested time and efforts in the management and upkeep of the apartments, Patricia was primarily responsible for collecting the rent, accepting the deposits, handling the utilities, cleaning the apartments after a tenant vacated, painting the apartments, etc.[1]
¶ 4. On July 30, 1997, Patricia and Terry agreed to a divorce citing irreconcilable differences. After failed attempts to reach a settlement agreement, they both agreed to permit the chancellor to address the issue of property division. On August 12, 1997, the chancellor ordered the parties divorced and found inter alia that the house and apartments were contained within Terry’s separate estate and were thus not subject to equitable division. Patricia ' moved the court to reconsider its order and award her an equitable share of the home, the apartments, and the household furnishings. The chancellor thereafter denied Patricia’s motion, and on November 7, 1997, Patricia appealed the chancellor’s decision to this Court.
DISCUSSION
¶ 5. In this domestic relations case, we are asked to decide whether the chancellor erred in the distribution of the Robbins’s marital assets. Only where the chancellor’s decision is “manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard,” will this Court disturb the chancellor’s findings. Knutson v. Knutson, 704 So.2d 1331(¶ 8) (Miss.1997).
¶ 6. Patricia Robbins argues that the chancellor erred in concluding that the home which she shared with Terry as well as the apartments which Terry purchased during the marriage were contained within Terry’s separate estate. Patricia also complains that the furniture and appliances which she and Terry shared were accumulated by their joint efforts and thus should have been divided equally between them.
¶ 7. The division of marital assets is governed by Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994) and Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). Under Hemsley, the chancellor must first identify whether the property to be divided is marital or non-marital. Hemsley, 639 So.2d at 915. The chancellor should then employ the following factors in arriving at an equitable division of marital assets:
1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
*1004 a. Direct or indirect economic contribution to the acquisition of the property;
b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and
c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets.
2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise.
3. The market value and the emotional value of the assets subject to distribution.
4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;
6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;
7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and,
8. Any other factor which in equity should be considered.
Ferguson, 639 So.2d at 928.
¶ 8. In his brief to this Court, Terry relies on the fact that the house and apartments were titled in his name alone and thus argues that the chancellor was correct in his conclusion that both properties were a part of Terry’s separate estate. However, “[a] spouse who has made a material contribution toward the acquisition of an asset titled in the other spouse’s name may claim an equitable interest in such jointly accumulated property.” MacDonald v. MacDonald, 698 So.2d 1079(¶ 13) (Miss.1997). Furthermore, even though Terry purchased the home prior to the marriage, Patricia worked with Terry to make improvements on the home which resulted in more than a $53,-000 increase in the home’s value. See Knutson, 704 So.2d at 1333(¶ 11). “We assume for divorce purposes that the contributions and efforts of the marital partners, whether economic, domestic or otherwise are of equal value.” MacDonald, 698 So.2d at 1083(¶ 14). To hold that Patricia is not entitled to equitable distribution of the home and the apartments is clearly error and the chancellor was “manifestly wrong” in so finding. Likewise, it appears from the record that the home furnishings and appliances were “acquired or accumulated during the marriage” and thus became marital property under Hemsley. Therefore, we reverse the chancellor’s order finding that the home and apartments were solely within Terry’s separate estate and remand this case for an on-the-record, equitable division of the marital property.
¶ 9. THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.

. Terry has since sold the apartments and has deposited the equity in an interest bearing Certificate of Deposit in the amount of approximately $37,000.